*Hennen* for the plaintiff.

---

### *NABA* vs. *SOUBERCASE'S HEIR.*

Appeal from the court of probates of the parish and city of New-Orleans.

Porter, J., delivered the opinion of the court. The plaintiff claims from the estate of Soubercase the sum of $1500 on the following obligation:

*tres pour un intérêt de pareille somme, qu'il a pris sur mon chargement par le brick Tippo Saib, Capt. P. Fosse, tant pour les bénéfices ou pertes qui pourront en resulter, et dont je lui rendrais compte à la fin du voyage.    Nouvelle-Orléans, le 30 Juillet, 1817. Fleuri Soubercase."*

The defendant pleads the general issue, and further that the claim set up in the petition has been long since settled.

The question presented for our decision is one of fact alone, and it might be sufficient to say, as we have so frequently said in other cases, that we would not reverse the judgment of the inferior court when the evidence left the fact doubtful; more particularly where the decision was against the party holding the affirmative.

But after a careful examination of the testimony, we think the propriety of the judgment rendered below, can be placed on stronger grounds. The deceased undertook, to render the plaintiff an account of the transaction in which they were mutually concerned, at the end of the voyage. No such account appears to have been rendered; no payments are proved to have been made. The possession of the obligation on the contrary, raises a

presumption that it was not discharged; the only thing, therefore, which has the appearance of defence is, the fact of the amount of sales of this adventure having been carried to the credit of the plaintiff on the books of Paul Lanusse. But then, the knowledge of this is not brought home to the former, nor his assent to it shown. There is some presumption of it raised, by his being intimate with Lanusse, and by the length of time that he suffered to elapse before he brought suit. But these are not sufficient to enable the court to refuse to give effect to the legal obligations which the defendant came under by the contract proved in evidence. If men will transact business in such a way as to leave their heirs and representatives entirely dependant on the good faith of those with whom they contract, they cannot expect that conjectures and presumptions will stand in the place of legal proof.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be affirmed with costs.

*Seghers* for the plaintiff, *Morel* for the defendant.